UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-cv-60892-RNS

ASHLEY SEIJO,
on behalf of herself and
similarly situated employees

    Plaintiff,

vs.

CASA SALSA, INC.,
CHRISTIAN ESPINOLA
and MONICA ESPINOLA

    Defendants
_____/

## AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Ashley Seijo ("Seijo") on behalf of herself and similarly situated employees, sues Defendants, Casa Salsa, Inc. ("Casa Salsa"), Christian Espinola and Monica Espinola ("Espinola") and states as follows:

### Jurisdiction

1. This is an action for damages which exceeds $15,000.00 exclusive of attorneys' fees, interest and costs.

2. Venue is proper in Broward County, Florida since the Defendants do business in Broward County and since all of the claims accrued in Broward County, Florida.

## The Parties/Participants

3. Seijo is an individual residing in Broward County, Florida and is *sui juris*. Seijo was at all material times hereto an employee of Casa Salsa.

4. Defendants, do business in South Florida.

5. Defendants, Espinola were, at all material times hereto, the officers, directors and shareholders of Casa Salsa who controlled the operations of these entities and directed their employees such as Seijo. Espinola took active roles in the day to day operations of Seijo.

## General Allegations

6. This is an action seeking recovery of unpaid overtime compensation owed to Plaintiff and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et. seq*, as amended.

7. At all times material hereto, Plaintiff was and is a resident of the State of Florida and was employed by Defendants.

8. At all times material hereto, Defendants were doing business in the State of Florida and were regularly engaged in activities that involved interstate commerce. Moreover, at all times material hereto, each Defendants had annual gross sales or business in an amount not less than $500,000.00. By reason of the foregoing, each Defendant was and is an "employer" within the meaning of Section 3(d) of the FLSA.

9. On many occasions throughout her employment with Defendants, Seijo worked in excess of forty hours per week and was not paid overtime.

10. During the time that Seijo has been employed at Casa Salsa, she has been improperly characterized as an independent contractor rather than an employee so that Casa Salsa could attempt to avoid complying with Federal and state laws including, but not limited to the failure to pay Federal payroll taxes and state unemployment taxes

11. During Seijo's employment, and during her pregnancy she complained about Casa Salsa's refusal to abide by her medical restrictions. In retaliation for her complaints about illegal conduct, Seijo was locked out of Casa Salsa and not provided any hours for her to work.

12. Seijo has retained the undersigned law firm in this matter and has agreed to pay it a reasonable fee for its services.

## Count I-FLSA
### (Overtime Compensation)(As to All Defendants)

13. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 12 by reference.

14. In several workweeks during the relevant period, Seijo, worked, in excess for forty(40) hours per week for Defendants. In these workweeks, Seijo, was not paid overtime compensation as is required by Section 207 of the FLSA.

15. As a direct and proximate result of Defendants' failure to pay overtime compensation, Seijo has been damaged in the loss of wages and has incurred and is incurring reasonable attorney's fees.

16. Defendants' failure to pay overtime was deliberate, willful and without good faith or any legal justification. Consequently, Seijo, is entitled to liquidated damages in an

amount equal to the underpayment of overtime compensation, and may seek recovery dating back three (3) years from the filing of this action.

WHEREFORE, Seijo demands judgment against Defendants for compensatory damages (unpaid overtime), liquidated damages (double damage) and attorneys' fees and court costs pursuant to the FLSA and for such other and further relief as this Court deems just and proper.

## Count II-Violations of Unfair and Deceptive Trade Practices Act (As to All Defendants)

Seijo reavers and realleges paragraphs 1 through 12 as if fully set forth herein and further alleges:

17. The actions of Defendants are an unfair and deceptive trade practice prohibited by Florida Statutes.

18. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Seijo has suffered damages in an amount in excess of $15,000.00.

WHEREFORE, Seijo demands judgment against Defendants for damages in excess of $ 15,000.00, together with interest, costs, attorneys' fees as provided by *Fla. Stat.* §501.211, and for any and all other relief this Court deems just and proper under the circumstances.

## Count III- Declaratory Relief (As to Casa Salsa)

Plaintiff reavers and realleges paragraphs 1 through 12 as if fully set forth herein and further alleges:

19. Casa Salsa contends that Seijo executed an Independent Contractor Non-Compete Agreement, attached hereto as Exhibit "A."

4

20. There is a bona fide, actual and present need for declaratory between the parties. Seijo contends that there is no enforceable contract between them and that she has been improperly classified as an independent contractor when in fact she was an employee.

21. Seijo seeks a declaration concerning a present, ascertained or ascertainable state of facts and in particular a declaration of whether there is an enforceable agreement and whether she is an independent contractor.

22. An immunity, power, privilege or right of Seijo is dependent upon the facts or the law applicable to the facts.

23. Seijo has, or is reasonably expected to have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

24. The antagonistic and/or adverse interests are before this court by proper process.

25. The relief sought is not merely for giving of legal advice.

WHEREFORE, Seijo demands declaratory judgment and requests damages, together with interest and court costs, and for any and all other and further relief this Court deems just and proper under the circumstances.

### Count IV–Violation of Fla. Stat. §448.101-448.105 (As to Casa Salsa)

Plaintiff reavers and realleges paragraphs 1 through 12 as if fully set forth herein and further alleges:

26. Plaintiff was an "employee" of Defendant as defined in 448.101(2), Fla. Stat.,

and is, as such a member of a class of individuals subject to protection by the Florida Whistleblower Act.

27. Defendant meets the statutory criteria for coverage as an "employer" as defined in Section 448.101(3), Fla. Stat.

28. Plaintiff, during her employment with Defendant, objected to certain conduct of Defendant that was, or that it was reasonable to believe was, in violation of laws, rules and regulations including her improperly being classified as an independent contractor and her complaints of pregnancy discrimination.

29. Defendant retaliated against Plaintiff's objections by subjecting her to termination of her employment.

30. Plaintiff seeks recovery of compensatory damages, attorneys' fees and court costs in accordance with 448.104, Fla. Stat.

WHEREFORE, Plaintiff, demands judgment for compensatory damages, attorneys' fees and court costs against Defendant, and for any other relief this Court deems just and proper.

### Count V-Violation of 26 USC Section 7434

Plaintiff reavers and realleges paragraphs 1 through 12 as if fully set forth herein and further alleges:

31. Based upon the foregoing, Defendants have violated 26 U.S.C. Section 7434 by willfully failing of fraudulent information returns.

32. Seijo is entitled to damages for violation of this statute by Defendants resulting in harm to her.

## Demand for Jury Trial

Plaintiff demands trial by jury on all issues so triable.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by CM/ECF and mail this 10 day of May, 2012 to: Eric Yankwitt, Esq., Law Offices of Eric Yankwitt, PL, 2312 Wilton Drive, Wilton Manors, FL 33305.

Behren Law Firm
2893 Executive Park Drive, Suite 203
Weston, FL 33331
Phone: (954) 636-3802
Facsimile: (772) 252-3365
Scott@behrenlaw.com

By_____
Scott M. Behren
Fla. Bar No. 987786

# Casa Salsa Dance Studio

## Independent Contractor Non-Compete Agreement

**THE PARTIES TO THIS AGREEMENT ARE:**

Casa Salsa Inc.

(Hereinafter referred to as "the Company")

AND

**Independent Contractor's Personal or Company Details:**

(The contractor shall be responsible for advising the Company of any changes to his / her personal details as initially detailed hereunder)

First Name(s):

*Ashley R. Seijo*

Surname:

*N/A*

Identity /Social Security or Other (Specify) number:

*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*

Physical Address:

*735 NW 93rd Ave Plantation, FL 33324*

Postal Address:

*Same as above*

(Hereinafter referred to as "the Contractor")

1. **COMMENCEMENT:**

   THIS CONTRACT WILL COMMENCE ON

   *December 27* 20 *10*

   AND EXPIRES ON:

   *December 27* 20 *12*

It is expressly understood and accepted that this is not an employment agreement and as such the Contractor will have no claim to Company benefits or employee considerations, including but not limited to profit sharing, pension, shares or bonuses. Upon expiry of this contract it is understood that that the relationship between the parties has ended.

*"N/A"*

2. **DESCRIPTION OF SERVICES:**

Position: Entry Level Full Time Instructor

- To Instruct Scheduled Group Classes (On or off premises), up to 15 hours per week
    - Instructor will have a minimum of two nights off of scheduled group classes
    In addition to

- One Basic Service. Including, but not limited to, Outing Organizer, Basic Photography, Administrative assistance, etc.
- Daily posting of studio classes on at least two social networking sites you belong to
- Attend all studio events and functions, as well as work any promotional hours requested by the Company
- Arrive 15 minutes early to any studio event or gathering, based on time scheduled to arrive
- In the event that a new class is added to your schedule a 14 day notice will be given.
- Arrive prepared with material that is up to the standard of the Company prior to beginning recording of videos including, but not limited to, instructional, promotional, and advertising
- Comply with all studio promotions

*Please note, that the Contractor may only teach what he/she have the expertise for. If you do not qualify for a particular facet, at the standard of the Company, the opportunity to receive Certification will be provided, as a courtesy, in order to do so. Scheduling accommodations is the responsibility of the Contractor, in order to take advantage of Certification training.

2.1. It is agreed by both parties that the Contractor has full control on how these services will be performed subject to it meeting the standards required by the Company.

2.2. The Contractor warrants that he / she is not violating any other agreement by performing these services.

2.3. The Contractor agrees that services not meeting the standards required by the Company will be corrected. The parties agree that the Contractor will have at least one opportunity to re-perform services, should any services not meet the standards required by the Company, within a specified time limit, and if they are not corrected, the Company reserves the right to terminate this agreement.

2.4. The Contractor warrants that no laws will be violated in performing any services.

2.5. The Contractor guarantees that he / she is competent to carry out the services which he / she has undertaken in this contract. Any material misrepresentation shall lead to summary termination of this agreement.

2.6. The Contractor shall perform these services at any location the Company sees fit.

3. **PAYMENT:**

The Contractor will be paid on the following basis:

**FIXED RATE**

3.1. Upon completion of services as specified in 2. above, the Company will pay the Contractor the sum of:

Base Pay: $1060.00 per month
Private lessons: 90/10 Split plus floor fee of $10
Events: Minimum $100, unless agreed upon otherwise, in writing
Workshops: 50% of all funds collected

3.2. The Company agrees to pay the Contractor equal monthly installments of Five hundred thirty dollars ($530), two weeks in arrears pending completion of the services, on the 1st and 15th of each month.

3.3. The Contractor agrees that should he / she withhold their services without approval of Company for whatever reason, they will be charged $50 for each class/event missed, and depending on severity of damages, can be charged Up to $100 and choice is up to the Company

4. ASSISTANTS:

4.1. Should the Contractor employ assistants to perform the services as in 2., all provisions in this agreement including but not limited to confidentiality, ownership of works and indemnification shall be binding upon all assistants of the Contractor.

4.2. Remuneration for assistants to the Contractor to perform the services under this agreement must be paid by the Contractor.

4.3. The Company agrees that all directives or instructions to assistants will be communicated through the Contractor.

5. CONFIDENTIALITY:

5.1. The Contractor acknowledges that during the relationship with the Company, the Contractor may become familiar with its confidential information including commercial and technical secrets and / or the confidential information of clients of the Company.

5.2. The Contractor consequently agrees that during the period of performing services and subsequent thereto, the Contractor will not disclose to others or make use of directly or indirectly, any confidential information of the Company or confidential information of a client of the Company or of others who have disclosed it to the Company under conditions of confidentiality, unless for a purpose authorized by the Company. If there is any doubt about whether any disclosure or use is for an authorized purpose, the Contractor is to obtain a ruling in writing from the Company and is to abide by it. Failure to do so will result in a minimum fine of $500, and possible Dismissal.

5.3. The Contractor shall take reasonable security precautions to keep confidential all information deemed confidential and shall not make unauthorized copies. He / she further undertakes to notify the Company immediately upon discovery of any unauthorized use or disclosure of confidential material and shall assist the Company in regaining of such material and mitigating the loss to the Company there from.

5.4. For the purpose of this clause, confidential information will be deemed to extend to all confidential technical and commercial information, including, but not limited to the contents of reports, specifications, quotations, formulae, computer records, client lists, price schedules, customer lists, customers and the like.

5.5. The Contractor is required to deliver to the Company whenever required to do so, or in any event when terminating the relationship with the Company, all books of account, records, correspondence, notes, computer disks, and the like concerning or containing any reference to the business of the Company or the Company's clients.

## 6. OWNERSHIP OF WORK:

6.1. Any documents or records or creations including but not limited to written instructions, drawings, photographs, videos, computer programs, notes or memoranda relating to the business of the Company, which are made by the Contractor or which come into the Contractor's possession while he / she is engaged by the Company to perform services, shall be deemed the property of the Company and shall be surrendered to the Company on demand and, in any event, on the date of termination of this agreement. The Contractor will not retain any copies thereof or any extracts there from.

6.2. The Contractor does hereby assign to the Company the total right, title and interest in and to any copyright in any existing or future works or part thereof of whatsoever nature that the Contractor, individually or jointly with any other person(s) has made or created or will make or will create during the course and scope of this agreement and the performing of services by the Contractor for the Company.

## 7. OBLIGATIONS OF THE CONTRACTOR:

7.1. The Contractor agrees to take full responsibility for declaration of income for tax purposes and for the payment thereof.

7.2. The Contractor will not be liable to the Company or its agents or employees for any claim, cost or fees arising from the services provided by this agreement, unless any such claims, costs or fees are judged by the appropriate court to be due to willful misconduct or gross negligence on the part of the Contractor or his agents.

7.3 The Contractor shall supply all equipment or tools or instruments needed to perform the services under this agreement.

## 8. OBLIGATIONS OF THE COMPANY:

8.1. The Company acknowledges that timely completion of the services provided by the Contractor under this agreement, depends on the co-operation of the Company to comply with reasonable requests from the Contractor and the Company agrees to extend such co-operation.

8.2. Upon the death of a Contractor whilst under the terms of this agreement, the Company shall pay all monies due to the estate of the Contractor.

## 9. NOTICE OF TERMINATION:

9.1. This contract will terminate as per 1 above with NO notice required. However, either party may terminate this contract in writing in the following instances:

    9.1.1. Failure by the Contractor to meet deadlines for performance of services or failing to meet the standards required by the Company in the performing of services.

    9.1.2. Insolvency or bankruptcy of either party.

    9.1.3. Change of ownership of the business of either party.

10. **GENERAL:**

10.1. This agreement and any exhibit attached constitute the sole and entire agreement between the parties with regard to the subject matter hereof and the parties waive the right to rely on any alleged express provision not contained herein.

10.2. No party may rely on any representation, which allegedly induced that party to enter into this agreement, unless the representation is recorded herein.

10.3. No agreement varying, adding to, deleting from or canceling this agreement and no waiver of any right under this agreement shall be effective unless it is:

   10.3.1. In writing;

   10.3.2. Agreed to by both parties;

   10.3.3. Signed by both parties.

10.4. Written notice by either party to the other may be given:

   10.4.1. In person and such notice shall be deemed valid on the date of delivery in person.

   10.4.2. By registered mail and such notice shall be deemed valid as of seven days of the proof of mailing date.

10.5. No relaxation by a party of any of its rights in terms of this agreement at any time shall prejudice or be a waiver of its rights (unless it is a written waiver) and it shall be entitled to exercise its rights hereafter as if such relaxation had not taken place.

10.6. No party may cede any of its rights or delegate or assign any of its obligations in terms of this agreement without the prior written consent of the other parties.

10.7. Unless inconsistent with the context, words signifying any one gender shall include the others, words signifying the singular shall include the plural and vice versa and words signifying natural persons shall include artificial persons and vice versa.

10.8. Should any provision of this agreement be judged by an appropriate court of law as invalid, it shall not affect any of the remaining provisions whatsoever.

10.9. The parties agree that any dispute which may arise from this agreement will be referred to an impartial and lawful arbitration body whose decision will be binding upon both parties.

11. **NOTICE OF NON-COMPETE:**

For good consideration and as an inducement for _Casa Salsa_ (Company) to contract _Ashley P. Seijo_ (Contractor), the undersigned Independent Contractor hereby agrees not to directly or indirectly compete with the business of the Company and its successors and assigns during the period of this agreement and for a period of 2 years following termination of this agreement and notwithstanding the cause or reason for termination.

The term "not compete" as used herein shall mean that the contractor shall not own, manage, operate, consult or be employed in a business substantially similar to or competitive with, the present business of the Company or such other business activity in which the Company may substantially engage during the term of employment.

The Contractor acknowledges that the Company shall or may in reliance of this agreement provide Employee access to trade secrets, customers and other confidential data and good will. Employee agrees to retain said information as confidential and not to use said information on his or her own behalf or disclose same to any third party.

This non-compete agreement shall extend only for a radius of 10 miles from the present location of the Company and shall be in full force and effect for 2 years, commencing with the date of agreement termination.

This agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns, and personal representatives.

Signed this 27 day of December 20 10.

_____
Company

_____
Independent Contractor

By signing below, the Contractor certifies under the penalty of perjury that the name and address given is the Contractor's legal name, address and identification number.

Signed at Casa Sousa Dance Studio on this 27 day of December 2010

SIGNATURE _____ (for and on behalf of the Company)

Full Name: Ashley Rebecca Seijo

THIS SUPERCEDES ANY PRIOR AGREEMENT********************************

# COPY & PRINT DEPOT

## FAX TRANSMISSION

TO: Scott Behren
FAX NUMBER: 772 252 3365

FROM: Ashley Seijo
SENDER'S PHONE #: 954 638 0251

DATE: 3/23/12
# OF PAGES: 7

**CUSTOMER'S NOTES:**

Attached please find the contract between myself & casa salsa. If you need anything else, please let me know.

Thank you,
Ashley Seijo

## OFFICE DEPOT'S TERMS OF USE

SENDER AGREES NOT TO USE THIS FAX TO: (I) TRANSMIT MATERIAL WHOSE TRANSMISSION IS UNLAWFUL, HARASSING, LIBELOUS, ABUSIVE, THREATENING, HARMFUL, VULGAR, OBSCENE, PORNOGRAPHIC OR OTHERWISE OBJECTIONABLE; (II) CREATE A FALSE IDENTITY, OR OTHERWISE ATTEMPT TO MISLEAD OTHERS AS TO THE IDENTITY OF THE SENDER OR THE ORIGIN OF THIS FAX; (III) POST OR TRANSMIT ANY MATERIAL THAT MAY INFRINGE THE COPYRIGHT, TRADE SECRET, OR OTHER RIGHTS OF ANY THIRD PARTY; (IV) VIOLATE ANY FEDERAL, STATE OR LOCAL LAW IN THE LOCATION, OR (V) CONDUCT ACTIVITIES RELATED TO GAMBLING; SWEEPSTAKES, RAFFLES, LOTTERIES, CONTESTS, PONZI SCHEMES OR THE LIKE.

PLEASE NOTE THAT OFFICE DEPOT DOES NOT REVIEW THE CONTENTS OF ANY FAX SENT USING ITS SERVICES. FURTHER, BY SIGNING BELOW THE SENDER OF THIS FAX HEREBY AGREES TO INDEMNIFY OFFICE DEPOT TO THE FULLEST EXTENT OF THE LAW AND FOR ANY AND ALL CLAIMS, SUITS, OR DAMAGES ARISING OUT OR IN CONNECTION WITH THE REQUEST TO SEND, OR SENDING THIS FAX.

**CUSTOMER SIGNATURE** (REQUIRED): Ashley Seijo

THANK YOU FOR USING OFFICE DEPOT'S CUSTOMER FAX SERVICES

**STORE INFORMATION**

### Office Depot #2735
10576 SW 8 St
Miami, FL 33174
Ph: 305-485-4409
Fax: 305-485-5933

| | | |
|---|---|---|
| First Page Local Fax 833-071 | First Page Long Distance Fax 833-081 | First Page International Fax 833-191 |
| Additional Local Fax 456-687 | Additional Long Distance Fax 833-091 | Additional International Fax 833-201 |

REV 3/19/12