**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-60892-Civ-SCOLA**

ASHLEY SEIJO,

     Plaintiff,

vs.

CASA SALSA, INC.

     Defendant.

_____/

Read
12/4/13

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion

about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1.   Did the witness impress you as one who was telling the truth?

2.   Did the witness have any particular reason not to tell the truth?

3.   Did the witness have a personal interest in the outcome of the case?

4.   Did the witness seem to have a good memory?

5.   Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6.   Did the witness appear to understand the questions clearly and answer them directly?

7.   Did the witness's testimony differ from other testimony or other evidence?

In this case it is the responsibility of the Ashley Seijo to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Ashley Seijo's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Ashley Seijo.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ashley Seijo's claim's by a preponderance of the evidence, you should find for Casa Salsa, Inc. as to that claim.

## Count 1: Florida Whistleblower Act

The law prohibits an employer from retaliating against an employee for engaging in protected activity.

You must decide whether Casa Salsa retaliated against Ashley Seijo by discharging her or taking an adverse employment action against her because she engaged in protected activity and, if so, whether the discharge or adverse employment action was a legal cause of her loss, injury, or damage.

Retaliation means discharging or taking certain adverse employment action against an employee because the employee engaged in a protected activity.

Protected activity is:

- disclosing to EEOC or Florida Commission on Human Rights, under oath, in writing, an activity, policy or practice of Casa Salsa that violated the pregnancy discrimination ordinance of Broward County; or

- objecting to Defendant's activity, policy, or practice that violated a law, rule, or regulation relating to her being improperly classified as an independent contractor and her complaints of pregnancy discrimination.

The next issue for you to decide is whether Casa Salsa's actions were an adverse employment action.

An adverse employment action is retaliation if it affects the terms and conditions of employment and would discourage a reasonable employee in Ashley Seijo's position from engaging in a protected activity.

The protected activity is a legal cause of discharge or adverse employment action if the protected activity was a motivating factor that made a difference in Casa Salsa's decision. The protected activity need not be the only factor motivating Casa Salsa's decision.

You may find that the protected activity was a motivating factor in Casa Salsa's decision if you find that Casa Salsa's stated reasons for its decisions were not the real reasons, but were given to hide the retaliation.

Discharge or adverse employment action is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the discharge or adverse employment action, the loss, injury, or damage would not have occurred.

If you find for Casa Salsa, you will not consider the matter of damages. But if you find for Ashley Seijo, you should award Ashley Seijo an amount of money that the preponderance of the evidence shows will fairly and adequately compensate her for such damage, including any such damage as Ashley Seijo is reasonably certain to incur in the future. You shall consider the following elements:

- the difference between lost wages and benefits to the date of trial and what Ashley Seijo earned during that time;

- other compensatory damages allowable at law;

- any emotional pain and mental anguish experienced in the past or to be experienced in the future. There is no exact standard for measuring such damages. The amount should be fair and just in the light of the evidence.

## Count 2:  Florida Unfair and Deceptive Trade Practices Act

Ashley Seijo contends that Casa Salsa violated Florida's Unfair and Deceptive Trade Practices Act ("FDUPTA").  If you find by a preponderance of the evidence that Casa Salsa engaged in unfair methods of competition, unconscionable acts or practices or unfair and deceptive acts or practices in the conduct of any trade or commerce then you should find that Casa Salsa violated the terms of Florida's Unfair and Deceptive Trade Practices Act.  If you find in favor of Casa Salsa then you do not need to reach the issue of damages.  However, if you find for Ashley Seijo, you may award her actual damages suffered by her due to the actions of Casa Salsa.

A claim brought under FDUPTA has three elements: (1) a deceptive or unfair trade practice; (2) causation; and (3) actual damages.  So long as the conduct falls within the ambit of any statute, regulation or ordinance that prescribes unfair or deceptive practices, you may determine that the alleged conduct is deceptive or unfair for the purposes of the FDUPTA.  In addition, the FDUPTA is supposed to be construed liberally.

In considering violations of this statute, you are instructed that "trade or commerce" means the advertising, soliciting, providing, offering, or distributing, whether by sale, rental or otherwise, of any good or service, or any property, whether tangible or intangible or any other article, commodity or thing of value wherever situated.  "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

"Thing of value" is defined, without limitation, any moneys, donation, membership, credential, certificate, prize, award, benefit, license, interest, professional opportunity or chance of winning.

## Count 3: Violation of 26 U.S.C. § 7434

In order to establish a claim under 26 U.S.C. Section 7434, Seijo must prove: (1) that the Defendant issued "information returns"; (2) that the information returns were fraudulent; and (3) that Defendant willfully issued fraudulent returns.

The statute provides in relevant part: "In general, if any person willfully files fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."   It is undisputed that the first element of the claim has been satisfied, that 1099's filed for Seijo are considered information tax returns as defined by the statute.   In order to establish the second element, Seijo must have established that there was some intentional wrongdoing and essential to that intent is some element of concealment or deception by Casa Salsa.  Evidence of tax fraud may consist of any conduct the likely effect of which would be to mislead or to conceal.  In order to establish the third element of the claim, Seijo must demonstrate that Casa Salsa willfully filed the 1099 forms in bad faith or in an effort deceive.

If you find that Seijo proved the foregoing elements by a preponderance of the evidence then you must award her damages.  In any action brought under subsection under this statute, Casa Salsa shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing).

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.